IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CRIMINAL NO. 97-30055-GPM |
| LEON SMALLWOOD, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Leon Smallwood filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 118). In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Smallwood on his motion (Doc. 119). Appointed counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 121). *See Anders v. California*, 386 U.S. 738, 744 (1967). Smallwood was given an opportunity to respond to counsel's motion to withdraw but did not do so in the time allotted.

Smallwood is serving a life sentence which was imposed by District Judge Paul E. Riley on October 2, 1998 (*see* Doc. 94). This sentence was based on a mandatory minimum sentence of life imprisonment. Even without the mandatory minimum, his offense level was calculated as 38 and his criminal history category was VI, resulting in sentencing guideline range of 360 months to life. Smallwood also was found to be a career offender.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence

where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Smallwood is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). In addition to being sentenced pursuant to a statutory minimum, Smallwood was sentenced based on his base

offense level set forth in U.S.S.G. § 4B1.1 ("Career Offender"), not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 121) and **DISMISSES** the motion for a sentence reduction (Docs. 118) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  10/21/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
